## MILLENTON BLALOCK et al. *v.* THE HEIRS OF CHARLES HARDY, deceased.

CHANCERY: BILL TO REMOVE CLOUDS: WILL: INTEREST OF HEIRS IN LAND DEVISED TO BE SOLD FOR THE PAYMENT OF DEBTS.—Where lands are devised to be sold by the executors for the payment of debts, with directions that the surplus proceeds not needed for that purpose should be paid to the heirs, the heirs cannot maintain a bill in equity to remove clouds from the title, unless they show that the lands will not be needed for the payment of the debts of the testator.

APPEAL from the Chancery Court of Newton county. Hon. John Watts, chancellor.

*Shannon* and *Street* and *T. J. Wharton*, for appellant.

*Monroe* and *Buckner*, for appellees.

HANDY, J., delivered the opinion of the court.

The bill in this case was filed by the appellees, as heirs at law of Charles Hardy, deceased, for the purpose of recovering possession of certain lands in the possession of the appellants, and of removing clouds upon their title.

It states in substance, that in the year 1836, Charles Hardy and one D. B. Grant entered into partnership for entering and purchasing lands from the Federal Government, in this State; and in pursuance thereof, that the lands in controversy and other lands were entered in this State in the name of Grant, but on the partnership account; that in the year 1838, Hardy died, leaving a last will and testament, by which he directed his executors therein-named to sell all his lands, including those here in controversy; which direction was never complied with by the executors, because the legal title to the lands was in Grant; that afterwards, in the year 1848, certain persons, who were appointed administrators with the will annexed of Charles Hardy, upon a division made between

them and Grant, of the lands, according to the respective interests of Hardy and Grant in the lands, received a deed from Grant of the lands allotted to Hardy, for the use and benefit of the estate of Hardy.    It further states that during the minority of some of the complainants, Blalock and others took possession of some of these lands, and now hold and claim the same under a title derived from the State of Mississippi, as lands forfeited for taxes, and conveyed to them by deeds of the auditor of public accounts, under the Act of 9th March, 1850, which claim is charged to be "illegal and irregular," and to be "based on no valid consideration in law, and against equity and conscience."    It alleges that two of the complainants "were minors at the date of the alleged forfeiture of the lands for taxes, and within the saving of the statute in such case made and provided;" and prays that the tax-deeds be set aside; and that the administrators with the will annexed, of Hardy, be compelled to make a good title to the lands to the complainants.

To this bill, a demurrer was filed setting up sundry grounds of demurrer; this was overruled, and the present appeal is prosecuted thereupon.

We consider it very clear from the allegations of the bill and the contents of the will disposing of the lands, that the complainants show no title to the lands in themselves, nor right to the relief sought.

The will is made an exhibit to the bill, and it shows that the lands were *devised to be sold* by the executors *for the payment of the testator's debts;* after the payment of which, the surplus remaining was to be distributed to the complainants.    There is no allegation that the debts have been paid; and for aught that appears, the lands are still subject to be sold for that purpose, according to the disposition of the will.    The disposition of the will prevents the legal title from passing by descent to the heirs, and there is nothing in the bill to show that the lands may not be required to be sold for the payment of debts, and that they, therefore, become beneficially the property of the complainants.    So that the bill shows neither the legal nor equitable title in the complainants; and, of course, no ground is shown to entitle them to the relief prayed for. This defect is fatal to the bill, and on account of it, the demurrer should have been sustained.

It is unnecessary to consider the other grounds of demurrer set up in the court below and here insisted upon.

The decree must be reversed, the demurrer sustained, and the bill dismissed.